UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT MATTHEWS, on behalf of himself
and EMARI MATTHEWS (minor)
and XAVIOR MATTHEWS (minor),

          Plaintiffs,

                                        Civil No. 1:16-CV-11680
v.                                   Honorable Thomas L. Ludington

JAMES CRAIGE, DETROIT POLICE
DEPARTMENT, and OFFICER JOHN DOE(S),

          Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Robert Matthews ("Plaintiff"), currently confined at the Carson City Correctional Facility in Carson City, Michigan, brings suit on behalf of himself and his two minor children alleging that Detroit police officers conducted an illegal, warrantless search of his home on December 23, 2013 thereby violating his rights and the rights of his children. Plaintiff was not present during the search, but his minor children were at the home with an adult woman and other children. Plaintiff alleges violations of his rights under § 1983, the Fourth Amendment, and the Fourteenth Amendment, assault and battery and home invasion under state criminal law, and conspiracy. He names the Chief of the Detroit Police, the Detroit Police Department, and unidentified police officers as Defendants in this action and sues them in their individual and official capacities. He seeks compensatory and punitive damages. The Court has granted

Plaintiff leave to proceed without prepayment of the filing fee.  For the reasons that follow, the Court finds that the complaint is subject to dismissal.

## I.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Id.*  Rule 8 "demands more than an unadorned, defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

As an initial matter, the claims that Plaintiff seeks to bring on behalf of his minor children will be dismissed. The Federal Rules of Civil Procedure allow a parent to bring suit on behalf of his or her minor children. Fed. R. Civ. P. 17(c). Those rules, however, do not permit a a non-attorney parent to represent his or her children in federal court. While an adult who is not an attorney has the right to represent himself or herself in federal court, 28 U.S.C. § 1654, such a *pro se* litigant cannot act as counsel for others or on behalf of minor children. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent"); *Lawson v. Edwardsburg Public School*, 751 F. Supp. 1257, 1258-59 (W.D. Mich. 1990); *accord Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Only a licensed attorney may represent other people. *Rowland v. California Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 201-03 (1993). Because Plaintiff is proceeding *pro se* in this action and is not a licensed attorney, he may not bring claims on behalf of his minor children. Accordingly, the Court

dismisses all of the claims brought on behalf of the minor children.  This dismissal is without prejudice to the children filing a new civil rights complaint through counsel on their own behalf.

### III.

Plaintiff names the Detroit Police Department as a defendant in this action.  The Detroit Police Department, however, is not an entity subject to suit under § 1983.  *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (city police department is merely an agency of the city and is not a proper defendant in a § 1983 action).  Plaintiff's claims against the Detroit Police Department must therefore be dismissed.

### IV.

Plaintiff names Detroit Police Chief James Craige as a defendant in this action based upon his role as the Chief of the Detroit Police Department.  It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983, and that liability cannot be established based upon a theory of respondeat superior or vicarious liability.  *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).  A plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff makes no such factual allegations against Chief Craige.  Any assertion that Chief Craige failed to supervise an employee, should be vicariously liable for an employee's conduct,

and/or did not properly respond to the situation is insufficient to state a claim under § 1983.  *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).  Plaintiff also does not allege facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees.  *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).  His claims against Chief Craige are purely conclusory.  Conclusory allegations are insufficient to state a civil rights claim.  *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Plaintiff's complaint against the Chief Craige must be dismissed.

## V.

Plaintiff's remaining claims are brought against unidentified John Doe police officers, presumably the ones who conducted the search of his home.  As part of those claims, Plaintiff alleges a violation of his rights under 42 U.S.C. § 1983.  It is well-established, however, that § 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *See, e.g., Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Thus, to the extent that Plaintiff asserts a substantive violation under § 1983, he fails to state a claim upon which relief may be granted in his complaint.

Plaintiff asserts that Defendants violated his Fourth Amendment rights by conducting an illegal search of his home without a warrant.  The Fourth Amendment's prohibition against unreasonable searches and seizures is enforceable against the States through the Fourteenth Amendment.  *Ker v. California*, 374 U.S. 23, 30 (1963).  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*,

411 U.S. 475, 499 (1973), not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is unclear from the present complaint whether the search of Plaintiff's residence uncovered evidence that was used to convict him of his current criminal convictions. To the extent that it did, success in this action would demonstrate the invalidity of his confinement and would be barred by *Heck*. *See Fox v. Michigan State Police Dep't*., 173 F. App'x 372, 377-78 (6th Cir. 2006); *see also Wallace v. Kato*, 549 U.S. 384, 395 n. 4 (2007). If it did not, then this action would not be barred. *See Heck*, 512 U.S. at 487 n. 7 (noting that a suit for damages based upon an unreasonable search would not necessarily imply the invalidity of conviction when a legal doctrine prevented the evidence from exclusion); *Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (stating that *Heck* bars Fourth Amendment claims when the search produced

evidence supporting the conviction and no legal doctrine could save the evidence from exclusion).

However, in order to recover monetary damages based on allegedly unreasonable search, "a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him actual, compensable injury, which does not encompass the injury of being convicted and imprisoned (until his conviction has been overturned)." *Heck* at 487, n. 7; *see also Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (illegal search claim barred by *Heck* because a conviction resulting from the seizure of incriminating evidence is not a compensable injury). In this case, Plaintiff was not present during the search and he does not allege any personally compensable injury (other than loss of freedom) with respect to this claim. Compl,, p. 5. The only potential compensable injury he could have suffered would be property damage. In the body of the complaint, however, he merely alleges that Defendants "ransacked the residence, flipping over beds and pulling out dresser drawers." Compl., p. 4. The United States Supreme Court has recognized that police officers executing searches "on occasion must damage property in order to perform their duty." *Dalia v. United States*, 441 U.S. 238, 258 (1979). Damage which is *de minimis* in nature is not compensable. *Streater v. Cox*, 336 F. App'x 470, 477 (6th Cir. 2009). Such is the case here. Plaintiff, at best, alleges *de minimis* damage to his home. He thus fails to state a claim upon which relief may be granted as to this issue.

Plaintiff also asserts that Defendants violated his rights under the Fourteenth Amendment by conducting an illegal search of his home. "If a constitutional claim is covered by a specific constitutional provision...the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Thus, when the Fourth

- 7 -

Amendment explicitly protects against the conduct at issue, claims based on that conduct should be analyzed under the Fourth Amendment, rather than the more generalized due process provisions of the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989); *Jackson v. County of Washtenaw*, 310 F. App'x 6, 7 (6th Cir. 2009) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir. 2006)). Because Plaintiff's illegal search claim is covered by the Fourth Amendment, he fails to state a claim upon which relief may be granted under the Fourteenth Amendment.

Plaintiff further asserts that Defendants violated his equal protection rights under the Fourteenth Amendment. The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff's equal protection claim lacks factual support. He fails to indicate with any specificity how he was treated differently from others who are similarly situated. As noted, conclusory allegations are insufficient to state a civil rights claim. Plaintiff thus fails to state an equal protection claim in his complaint.

Plaintiff asserts that Defendants committed an assault and battery in violation of state criminal law during the search of his home. This claim, however, only pertains to the minor children. Plaintiff admits that he was not present during the search of his home. He thus fails to state a claim upon which relief may be granted as to this issue.

Plaintiff also asserts that Defendants committed a home invasion in violation of state criminal law. To state a claim under § 1983, however, a plaintiff must allege a violation of a federal constitutional right or a federal statute. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bunn*, 604 F.3d 249, 253 (6th Cir. 2010). The purpose of § 1983 is to remedy violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v.*

*Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007).  Moreover, criminal statutes do not create private rights of action.  Plaintiff does not have standing to file a criminal complaint.  A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986).  Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another.  *Id.* at 64–65.  Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.  *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").  Plaintiff thus fails to state a claim upon which relief may be granted as to this issue.

Lastly, Plaintiff alleges that Defendants conspired against him.  To sustain a civil conspiracy claim under § 1983, a plaintiff must allege facts to show:  (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights.  *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).  A plaintiff must plead the conspiracy with "some degree of specificity."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  As with his other claims, however, Plaintiff's allegations of conspiracy are vague, conclusory, and unsupported by material facts.  They are thus insufficient to state a conspiracy claim, *see*

*Moldowan*, 578 F.3d at 395 (citing *Gutierrez*, 826 F.2d at 1538); *Horton v. Martin*, 137 F. App'x 773, 776 (6th Cir. 2005), or any civil rights claim under § 1983. Plaintiff fails to state a conspiracy claim in his complaint.

## VI.

For the reasons stated, the Court concludes that Plaintiff, who is proceeding *pro se*, cannot bring suit on behalf of his minor children.

Accordingly, it is **ORDERED** that the claims Plaintiff has attempted to bring on behalf of his minor children are **DISMISSED without prejudice.**

It is further **ORDERED** that, because Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his own remaining claims, Plaintiff's civil rights complaint is **DISMISSED with prejudice.**

It is further **ORDERED** that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of fees and costs because any appeal would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 28, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager