UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT MATTHEWS, on behalf of himself
and EMARI MATTHEWS (minor)
and XAVIOR MATTHEWS (minor),

        Plaintiffs,

                                          Civil No. 1:16-CV-11680
v.                                      Honorable Thomas L. Ludington

JAMES CRAIGE, DETROIT POLICE
DEPARTMENT, and OFFICER JOHN DOE(S),

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's motion for reconsideration regarding the dismissal of his *pro se* civil rights complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). Because Plaintiff Matthews has not shown that the Court's order dismissing his case contained any palpable defect, Plaintiff's motion will be denied.

Plaintiff first asserts that his case was erroneously assigned to the Northern Division of the Eastern District of Michigan and that it should be reassigned to the Southern Division.

Plaintiff cites Local Rule 83.10, which discusses the assignment of civil cases to places of holding court, in support of this assertion. Plaintiff is mistaken. The assignment of this case is governed by Local Rule 83.11, which governs the assignment and reassignment of civil cases to judges. Local Rule 83.11 provides that special civil cases, which include prisoner civil rights cases brought under 42 U.S.C. § 1983, filed in Ann Arbor, Bay City, Detroit, Flint, and Port Huron are assigned to a judge by random draw regardless of the place of holding court where the case is filed. *See* Local Rule 83.11(a)(3). This case was thus properly assigned to the Northern Division under Local Rule 83.11.

Plaintiff also asserts that the Court erred in dismissing his Fourth Amendment claim based upon a finding that he did not allege any personally compensable injury (other than loss of freedom) as to that claim and that he merely alleged a "de minimis" injury to his residence. A motion for reconsideration which presents issues already ruled upon by the district court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff raises such issues in his motion. The Court properly dismissed the complaint for the reasons stated in the dismissal order. Plaintiff did not allege any personally compensable injury (other than loss of freedom) as to his Fourth Amendment claim. Compl., p. 5. In the body of the complaint, he only alleged that the defendants "ransacked the residence, flipping over beds and pulling out dresser drawers." Compl., p. 4. Such assertions merely indicate *de minimis* damage to the residence. In his reconsideration motion, Plaintiff asserts, for the first time, that the police broke down his door and destroyed household furnishings during the search and the damage is in excess of $5,000. Plaintiff, however, may not raise new allegations of fact in a motion for reconsideration. *See Sault Ste. Marie Tribe of Chippewa Indian v. Engler*, 146 F.3d

367, 374 (6th Cir. 1998); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001) (citing cases).

The Court did not err in dismissing the complaint. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). For the reasons stated, the Court concludes that Plaintiff, who is proceeding *pro se*, cannot bring suit on behalf of his minor children.

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 10, is **DENIED**.

It is further **ORDERED** that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of fees and costs because any appeal would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 28, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager